## BARNES V. CLEMENT.

A stipulation that the grantor may retain all payments made or secured, in case the grantee fails to perform a contract for the sale of land, containing covenants and conditions, the number and nature of which make it impracticable to fix the actual damage in case of a breach thereof, is not void under Section 3581 of the Compiled Laws of this state.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Grant county. Hon. J. O. ANDREWS, Judge.

Action for money had and received. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*H. H. Potter* and *Thomas L. Bouck*, for appellant.

When a vendee enters upon the performance of his contract to purchase, and paying part of the consideration, makes inexcusable default, he cannot maintain an action to recover the money paid. Carlson v. Dow, 47 Minn. 535. See, also, Grant v. Murch, 54 Minn. 111; Lawrence v. Miller, 86 N. Y. 131; Havens v. Patterson, 43 N. Y. 218; Easton v. Montgomery, 90 Cal. 307; Bradford v. Parkhurst, 96 Cal. 102; 28 Am. & Eng. Ency. Law, 118; Irvin v. Bleakley, 67 Pa. St. 28; Chappel

v. McKnight, 108 Ill. 570; Druse v. Wheeler, 22 Mich. 442;
Burnett v. Caldwell, 9 Wall. 290; Hanschild v. Stafford, 25 Ia
428; McKinney v. Harvie, 38 Minn. 18.

*John W. Bell* and *W. S. Glass,* for respondent.

FULLER, J.   To the complaint herein, which states a cause
of action for money had and received by defendant on the 15th
day of September, 1891, to and for the use and benefit of plain-
tiff, the defendant interposed an answer which amounts to a
general denial.   There being no valid objection to the intro-
duction of evidence, the parties, without amended pleadings,
were allowed to establish the following state of facts:   On the
15th day of September, 1888, they entered into a written agree-
ment, of which time was expressly declared to be of the essence,
and by which the defendant agreed to sell plaintiff a 640-acre
farm for $8,100, payable in annual installments, October 1,
1889, 1890, 1891, 1892 and 1893.   While plaintiff had permission
to cultivate the land and occupy the premises for the purpose
of carrying out his contract, it was mutually agreed that both
the possession and the right to possession should at all times
be and remain in the defendant.   Each year, during the life of
the contract, plaintiff was to cultivate and crop at least 400
acres of the land in a workmanlike manner, and to execute
annually, and deliver to defendant, a chattel mortgage upon all
crops grown thereon, to secure the payment of the amount due
in October of each year, according to the terms of said contract.
Plaintiff further bound himself to keep the buildings insured in
the sum of $2,300 for the benefit of the defendant; to pay all
taxes due or that might become due during the life of the con-
tract; to keep the fences, buildings, and other improvements at
all times in good repair and condition; to permit no waste or
cutting of timber; and to keep said land at all times free from
wild mustard and other weeds or growth which might be injur-
ious to the land; "that in case said Barnes shall fail in perform-
ance of any of the stipulations and agreements herein by him

agreed to be done and performed, all payments which shall have been made, and all sums which said Clement shall realize out of any crops which may then be upon said land, or upon which said Clement shall hold chattel mortgage at time of such default, shall be retained by said Clement as payment for the use of said premises up to the time of such default, free and clear of any claim or demand of said Barnes, whatsoever." In the year 1892, plaintiff having wholly failed to keep the buildings insured, or to pay the taxes for the year 1888, 1889, 1890 and 1891, and having made default in the payment of the purchase price as the same matured, or at all, except the sum of $2,600, the defendant herein, under a claim of ownership, brought an action in ejectment and obtained a judgment by which plaintiff herein was, in effect adjudged to be a trespasser and no longer entitled to occupy said premises. In his answer to the complaint in the ejectment suit, Barnes, the plaintiff in this action, denied that Clement, the plaintiff in the ejectment proceeding, and defendants herein, was the owner of the premises at any time, and alleged in said answer, and attempted to prove, a fee-simple title thereto in himself, and demanded judgment accordingly.

While it is clear, from the undisputed evidence offered under the complaint in this action, that plaintiff never actually paid defendant any money by virtue of the contract, the jury was reasonably justified in finding that wheat grown upon the premises, of the value of $2,600 over and above the amount of money which the defendant had advanced to plaintiff during the life of the contract for the purpose of paying current expenses, had at different times been delivered to and received by the defendant. Upon a verdict practically directed against the defendant, in plaintiff's favor, for $2,971.91, including interest, judgment was entered, and the defendant appeals. While there is nothing in the record to disclose the theory upon which the case was tried, and under which respondent, who had confessedly violated his contract in many particulars, was al-

lowed to recover all that he had ever paid to appellant, together with interest thereon, his counsel maintain, in support of the judgment, that the contract between the parties, so far as the same relates to damages for a breach thereof, is void under the following statutory provisions: "Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section." "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages." Comp. Laws, §§ 3580, 3581. If the detriment caused by the breach of the contract to purchase the land was the only element of damage which, by Sec. 4587 of the Compiled Laws, "is deemed to be the excess, if any, of the amount which would have been due to the seller under the contract, over the value of the property to him," it might be urged that it would not be "impracticable or extremely difficult to fix the actual damage"; but when we examine the numerous provisions and conditions of the contract before us, and consider the various acts and omissions which would constitute a material breach thereof on the part of respondent, together with the further fact that so long as he complied with its terms he was to have, under the contract, the exclusive occupation and enjoyment of the premises for the purposes of care and cultivation, we conclude that the agreement to withhold the amount paid as compensation for the use of the premises is not within the statutory restriction, and that respondent, who alone had violated his contract, was not entitled under the circumstances, to recover all that appellant had rightfully received, by virtue of respondent's partial performance of a contract lawfully made and fully observed by appellant. Whether, under pleadings properly amended, respondent would, in any event, be entitled to recover the excess,

if any, he had paid, beyond the actual amount of damage occasioned by a failure to perform his contract, it is not necessary now to determine. The judgment is reversed, and a new trial is ordered.

HANEY, J. (Concurring,) There should be a reversal, but I do not concur in the reasons assigned in the foregoing opionion.